UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA M. ROUSE-BALDWIN, | |
| Plaintiff, | |
| v. | Civ. No. 08-6344 (SRC) |
| NJ-DCF-DYFS and | |
| JILLIAN HENDRICKS | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the application of pro se Plaintiff Andrea M. Rouse-Baldwin to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's allegations, the Court finds that sua sponte dismissal of all but one claim alleged in the Complaint is required pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state claims upon which relief may be granted by the Court.

At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). 28 U.S.C. §1915 governs proceedings

filed in forma pauperis, and is designed to ensure that individuals with limited financial resources have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, to prevent abusive or captious litigation, Section 1915 requires the Court to examine the merits of the claims asserted and requires dismissal if the complaint is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).

      Plaintiff states in the Complaint that the Court has jurisdiction to hear the case because she is asserting claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq (hereinafter "Title VII").  According to the Complaint, Plaintiff was previously employed with the Division of Youth and Family Services within the New Jersey Department of Children and Families ("NJ-DCF-DYFS").  She alleges that she was terminated from her position at NJ-DCF-DYFS based upon her race, marital status, and in retaliation for the filing of a police report in which Plaintiff alleged that she was assaulted by her supervisor and another NJ-DCF-DYFS employee.  Because the Court is satisfied that Plaintiff has alleged sufficient facts to make out prima facie claims for violations of Title VII, Plaintiff's claims against NJ-DCF-DYFS under Title VII may proceed past sua sponte dismissal.

      In addition, Plaintiff seeks to assert claims against NJ-DCF-DYFS and Defendant Jillian Hendricks, the Director of EEO/AA for the State of New Jersey, for assault, libel, slander, personal injury and civil rights violations.  Under 28 U.S.C. §1915(e)(2)(B)(ii), the Court must dismiss all or part of an action which fails to state a claim upon which relief may be granted.  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the

truth of a plaintiff's factual allegations. <u>Morrison v. Madison Dearborn Capital Partners III L.P.</u>, 463 F.3d 312, 314 (3d Cir. 2006). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1974 (2007).

      After careful review of the Complaint, the Court cannot ascertain any basis upon which Plaintiff may proceed with her claims for assault, libel, slander, personal injury and civil rights violations.  The Complaint and the supporting documents are completely devoid of any facts that could reasonably support any of Plaintiff's non-Title VII claims.  Plaintiff barely alleges that she was libeled, slandered, injured and had her civil rights violated by NJ-DCF-DYFS and Ms. Hendricks without offering even a mere hint of factual support for any of these allegations.  With respect to her assault claims, the mere attachment of a police report in which Plaintiff alleges that she was assaulted by two NJ-DCF-DYFS employees who are not named as Defendants in the instant Complaint is insufficient to give the Court and the named Defendants notice of the basis upon which Plaintiff seeks to these claims assert against them.  Therefore, to the extent that Plaintiff seeks to assert claims for assault, libel, slander, personal injury and civil rights violations against NJ-DCF-DYFS, the Court must dismiss those claims for failure to state a claim upon which relief may be granted. The Court also dismisses Plaintiff's Title VII claim against Ms. Hendricks because Plaintiff has offered no facts to support a finding that Ms. Hendricks, in her role as Director of EEO/AA, had anything to do with Plaintiff's termination or the alleged retaliation suffered by Plaintiff.  Indeed, Ms. Hendricks's name appears in only one section of the Complaint and supporting documents – the case caption.  Moreover, Title VII only permits a cause of action against the employer, not against an individual supervisor.  Therefore, all claims

asserted against Ms. Hendricks, including those under Title VII, will be dismissed by the Court.

The Court notes that it is conceivable that Plaintiff may be able to supplement her pleading with facts sufficient to state a claim as to some of the dismissed claims.  Therefore, in the interest of justice, the Court shall provide Plaintiff thirty (30) days from the entry of this Opinion and Order to file an amended complaint.

Accordingly,

**IT IS** on this 24th day of February 2009,

**ORDERED** the Plaintiff's application to proceed in forma pauperis is **GRANTED** and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Plaintiff's claims for assault, libel, slander, personal injury and civil rights violations as asserted against Defendant NJ-DCF-DYFS are **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2); and it is further

**ORDERED** that all of Plaintiff's claims against Defendant Jillian Hendricks are **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2); and it is further

**ORDERED** that Plaintiff's claim against Defendant NJ-DCF-DYFS based on violations of Title VII of the Civil Rights Act of 1964, as amended, survives past the Court's review for sua sponte dismissal; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve summons and copies of the Complaint and this Order upon Defendant, with all costs of service advanced by the United States; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the

assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with the Application for Pro Bono Counsel.

       s/ Stanley R. Chesler
**STANLEY R. CHESLER, U.S.D.J.**